COYLE, as Administratrix, *v.* MANGAN.

(City Court of Brooklyn — General Term, February, 1893.)

In an action to recover for alleged negligence in causing the death of plaintiff's intestate by his being thrown from a defectively-constructed truck, it appeared that deceased had been working over ten years as a truck driver for defendants; that he knew the truck in question, had frequently assisted in loading it, knew that his fellow-servant W. had been thrown or fallen from it while driving it, had told W. that "he didn't believe it was fit to run," and without complaint or objection, undertook to drive it, during which time he sustained the injuries which caused his death. The complaint alleged that the truck "was out of repair visibly and patently." Plaintiff's witness C. testified that immediately on seeing the truck approaching him, he noticed the disparity in the size of the hind wheels which made "the body of the truck go shaky," and also that the leaves of the springs were loose and the light shone between them. At the close of plaintiff's case defendants moved for a nonsuit, which was denied, and a verdict rendered for plaintiff. *Held*, error; that from the evidence, deceased was well aware of the defects in question; that they were plainly visible, and that he voluntarily assumed all the risks of driving it.

APPEAL from a judgment in favor of plaintiff, entered on the verdict of a jury, and from an order denying defendants' motion for a new trial. The opinion states the case.

*Henry Pressrich,* for plaintiff (respondent).

*Jones & Crane,* for defendants (appellants).

OSBORNE, J. This action was brought to recover damages for alleged negligence in causing the death of plaintiff's intestate. Plaintiff had a verdict, and this appeal is taken from the judgment entered thereon and from the order denying motion for a new trial.

The negligence with which defendants were charged, as alleged in the complaint, was "that they furnished to him, deceased, and caused him to drive a defectively-constructed truck," from which deceased was thrown, "owing to the defective construction of said track," thereby sustaining injuries which caused his death. The complaint further

alleged that said "truck was unskillfully, negligently and wrongfully constructed, and was out of repair visibly and patently to defendant's knowledge   *   *   *   in many respects, and in that one of the wheels of said truck was larger than its mate," and that decedent's death was caused by such "defective constructions and either of them."

It appeared from the evidence adduced on behalf of the plaintiff that Michael Coyle, the deceased, had been employed for over ten years as a truck driver by the defendants, who were engaged in the hay and feed business.    On September 16, 1891, which was the day that deceased received the injuries which caused his death, he was driving the truck in question along Water street near Main street in this city, when, owing to a lurch of the truck, he fell or was thrown to the street and received the injuries which caused his death.

One Whalen, a witness called on behalf of the plaintiff, testified that he had been a truck driver in defendants' employ for some time previous to the accident, knew this truck and had often driven it, that one of the hind wheels was about six inches smaller than the other, which made the truck lean or droop more to the right than it did to the left, gave it a lurch, also that the springs were out of order, so that one could see daylight through the leaves, and that he had "lost two or three leaves at times."    This witness further testified that, in December, 1890, he fell from this truck while driving it; that the cause of his falling was a lurch of the truck caused by his striking the car tracks; that when he came back to work in May, 1891, he told Coyle that he had fallen from the truck, and that Coyle said "he didn't believe it was fit to run."    He also testified that Coyle had assisted in loading this truck several times, and that, between the time he, Whalen, came back to work in May, 1891, and the time Coyle was hurt, the truck was not fixed; that it was in the same condition when Coyle was hurt that it was when he was hurt.    Another witness for the plaintiff, one Clifford, testified that he was on the corner of Water and Main streets and saw the truck approaching, and also saw Coyle fall from the truck;

as he saw the truck coming, he said to a companion, " Here comes a duckety truck.   *   *   *   When I say a duckety truck, I mean a truck where the springs is loose and one wheel being smaller than the other will make the body of the truck shaky."   He further testified that one of the hind wheels was about three or four inches smaller than the other, and that the laps of the springs were so loose that one " could see the light through them and the earth ; " that his first intention was to apply for the job of driving this truck, but, when he saw the condition of the truck, he changed his mind.

At the close of the plaintiff's case, the learned counsel for the defendants moved to dismiss the complaint, upon the ground, *inter alia*, that the complaint alleged, and the evidence showed, that the defects in the truck were visible and known to decedent.   This motion was denied, and defendants duly excepted.   We are of the opinion that the motion to dismiss should have been granted, and that defendants' exception to the refusal to dismiss was well taken.

It is well-settled law that if a servant knows, or, by the exercise of ordinary observation, might know, that any appliance with which he is to labor is unsafe or unfit in any particular, and he continues in the employment without objection or complaint, he is deemed to have voluntarily assumed all the risks of the employment incurred by reason of any such defects, and cannot recover for any injuries he may sustain in consequence of such defects.   This proposition has been so frequently enunciated that it is needless to cite the numerous authorities that go to support it.

It seems to us that the case made by the plaintiff comes within this rule.   Deceased had been working as a truckman for over ten years, and we may safely assume that, with that long experience, he had become fairly familiar with trucks and their construction ; he knew the truck in question, had frequently assisted in loading it, knew that his fellow-servant Whalen, had been thrown or fallen from it while driving it, had told Whalen that " he didn't believe it was fit to run," and yet, without complaint or objection, he undertook to drive

it. Not only does the complaint allege that the truck " was out of repair visibly and patently," but the witness Clifford also testified that, immediately on seeing the truck approaching him, he noticed the disparity in the size of the hind wheels, which made " the body of the truck go shaky," and also that the leaves of the springs were loose, and the light shown between them.

It is plain to us from the evidence that deceased was well aware of the defects in the truck; that they were plainly visible, and that he voluntarily assumed all the risks of driving it.

We are, therefore, of opinion that the judgment and order denying motion for new trial must be reversed, with costs to abide the event.

CLEMENT, Ch. J., concurs.

Judgment and order reversed.